SO ORDERED: August 10, 2006.



Basil H. Lorch III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ONESTAR LONG DISTANCE, INC., | ) | Case No. 03-72697-BHL-7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ELLIOT D. LEVIN, in his capacity as Chapter 7 Trustee for ONESTAR LONG DISTANCE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 05-7089 |
| | ) | |
| TELRITE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON TRUSTEE'S MOTION FOR JUDGMENT ON THE PLEADINGS AND JUDGMENT

This matter comes before the Court in the above-captioned adversary proceeding on the Trustee's **Motion for Judgment on the Pleadings**. After considering the arguments of the parties,

both in their briefs and during oral arguments on the motion, and for the reasons set forth in the attached Memorandum, the Court finds that the Trustee's **Motion for Judgment on the Pleadings** should be and hereby is **GRANTED**.

Accordingly, **JUDGMENT** is entered in favor of Elliot D. Levin, in his capacity as Chapter 7 Trustee of OneStar Long Distance, Inc., as follows:

1. As plaintiff, on the **Complaint for (1) Breach of Contract and (2) to Recover Property of the Estate**, in the amount of $600,000.00 to paid to the Trustee pursuant to 11 U.S.C. § 542(b); and

2. As counterclaim defendant on Telrite Corporation's counterclaims as pleaded in the **Answer, Affirmative, and Other Defenses, and Counterclaim of Telrite Corporation, and Jury Demand**.

## MEMORANDUM[1]

Relying upon the verbal representations of representatives of OneStar Long Distance, Inc. ("OneStar") during the auction for the assets of OneStar, Telrite Corporation ("Telrite") submitted a bid (together with IceNet LLC ("IceNet")) for the purchase of substantially all of OneStar's assets. Telrite's bid was determined to be the highest and best bid, and OneStar accepted it.

Subsequently, OneStar and Telrite (along with IceNet) negotiated an asset purchase agreement (the "APA"). On July 16, 2004, this Court entered the order approving the APA (the "Sale Order"). On July 31, 2004, the sale described in the APA and approved in the Sale Order was

---

[1] This Memorandum along with the Order on Trustee's Motion for Judgment on the Pleadings and Judgment above constitute the findings of fact, conclusions of law, and order of the Court pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

2

executed by the parties. Telrite did not make the "Second Post-Closing Payment" in the amount of $600,000.00 due on or before December 31, 2004 as provided in Section 2 of the APA. On October 31, 2005, the Trustee initiated this adversary proceeding by filing his **Complaint for (1) Breach of Contract and (2) to Recover Property of the Estate** (the "Complaint"). On December 8, 2005, Telrite filed its **Answer, Affirmative, and Other Defenses, and Counterclaim of Telrite Corporation, and Jury Demand** (the "Answer"). After filing his response to Telrite's Answer, the Trustee filed his **Motion for Judgment on the Pleadings** (the "Motion") on February 13, 2006. On June 14, 2006, the parties presented oral arguments to the Court on the Motion.

The Trustee argues that he is entitled to entry of a judgment on the pleadings because Telrite either admits or does not contest the factual allegations necessary for the Court to grant the Trustee's Rule 12(c) motion. Rule 12(c) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings in bankruptcy by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, provides that "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A court that grants a motion for judgment on the pleadings decides that "it is beyond doubt that the nonmoving party can prove no set of facts in support of his or her claim which would entitle the nonmoving party to relief, even after accepting all of the allegations in the pleadings, and drawing all inferences in favor of the nonmoving party." *Moore's Federal Practice*, §§ 16.01 (Matthew Bender 3d ed.).

Telrite argues that the Trustee's Motion must be denied because the allegations it makes in the counterclaims in the Answer must be assumed, for purposes of judgment on the pleadings analysis, to be true. Telrite's allegations are, in brief, that OneStar and its agents made representations and assurances regarding the nature and extent of OneStar's assets and liabilities that

3

since the purchase of those assets and liabilities Telrite has come to regard as false. These allegations form the basis both for Telrite's defenses for the Trustee's claim of breach of contract as well as its own counterclaims. If, as required under Rule 12(c) analysis these allegations are assumed to be true, then, Telrite argues, these allegations present material issues of fact that defeat the Trustee's argument that judgment as a matter of law is warranted. The Trustee argues that Telrite is barred from making these allegations by virtue of the court's Sale Order and the APA that it ratified, and that he is therefore entitled to judgment as a matter of law.

Two sections of the APA are central to these matters and therefore bear reproducing here in full:

> APA, P. 6, Section 4, "Limitation of Liability":
>
> Purchaser acknowledges and agrees that Purchaser and its representatives have the experience and knowledge to evaluate the Business and the Acquired Assets; that the Purchaser and their representatives, before the date hereof, have had access to such information and documents relating to the Business, and to such of the Acquired Assets, as Purchaser and their representatives have requested to see and review; that Purchaser and their representatives have had a full opportunity to meet with appropriate management and employees of Seller to discuss the Business and the Acquired Assets; and that, in determining to acquire the Acquired Assets, each Purchaser has made its own investigation into the Business, and, based thereon, Purchaser has made its own independent judgment concerning the Business and the Acquired Assets. It is therefore expressly understood and agreed that Purchaser accepts the condition of the Business and the Acquired Assets "AS IS," "WHERE IS" and "WITH ALL FAULTS" without any implied representation, warranty or guarantee as to merchantability, fitness for a particular purpose, prospects for the Business or otherwise, or as to the condition of the Business or the Acquired Assets, or as to the size, extent, quantity, type or value of the Acquired Assets, except only as may be otherwise expressly provided in this Agreement, and Seller expressly disclaims any and all such implied representations, warranties or guarantees, including any representations that the Acquired Assets are all of the

> assets necessary for Purchaser to engage in the Business.

> APA, p. 18, Section 17. "Entire Agreement":

> This Agreement, the Other Agreement to which any party is a party, and the accompanying Schedules and Exhibits, contain the full and complete understanding of the parties hereto with respect to the acquisition of the Acquired Assets and all other transactions contemplated herein, and supercede all prior agreements or understandings between the parties hereto relating to the subject matter hereof.

Telrite is correct when it argues that, other things being equal, "[a] seller cannot have it both ways: he cannot assure the buyer of the condition of a thing to obtain the buyer's agreement to purchase 'as is,' and then disavow the assurance which procured the 'as is' agreement," *Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd.*, 968 S.W.2d 156, 162 (Tex. 1995). But, as is clear from the *Prudential* court's opinion, read in its context, an 'as is' purchase agreement can be valid, without regard to the truth or falsity of the seller's prior statements or assurances, when the buyer has expressly disclaimed the seller's prior assurances and contracted to bear the risk of the value of the purchased property by taking on the responsibility of inspecting the property prior to closing:

> A valid as is agreement, like the one in this case, prevents a buyer from holding a seller liable if the thing sold turns out to be worth less than the price paid because it is impossible for the buyer's injury on account of this disparity to have been caused by the seller.... The sole cause of the buyer's injury in such circumstances, by his own admission, is the buyer himself. He has agreed to take the full risk of determining the value of the purchase. He is not obliged to do so; he could insist instead that the seller assume part or all of that risk by obtaining warranties to the desired effect.

*Id.* at 161.

Telrite cannot now argue that it purchased the OneStar assets on the basis of any assurances

made by OneStar. The APA was not a form contract with boilerplate 'as is' language: Telrite negotiated an 'as is' purchase, preceded by the opportunity to satisfy itself by inspection of the nature of the assets it was purchasing, and contractually disclaimed its right to rely upon any assurances that OneStar or its agents may have made.

Telrite claims that because it adequately pleaded its counterclaims, the 'as is' language of the APA does not preclude them. But Telrite cannot claim that it relied upon misrepresentations made by One Star after acknowledging in sections 4 and 17 of the APA that it purchased the assets 'as is,' without warranties and representations. Telrite acknowledged in the APA that its decision to purchase the assets was based on its own independent assessment. Therefore, having disclaimed any reliance of the prior representations, statements, or assurances of OneStar and its agents in making the purchase of the OneStar assets, Telrite's claims are without merit.

Of course, Telrite could have brought its claims against OneStar during the twelve months after the Court ratified the APA in the form of a motion to vacate the Sale Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Instead Telrite sat on its right to do so beyond the limitations period, only raising those claims as defenses and counterclaims for damages in response to the Trustee's Complaint, i.e., after it failed to make a scheduled payment required by the APA. It is well settled in the Seventh Circuit that a collateral attack on a sale order is barred by *res judicata*, and that after a sale order is entered the only remedy available to an aggrieved party to a section 363 bankruptcy sale is to seek to vacate the bankruptcy court's order approving the sale under Rule 60. *See In the Matter of Met-L-Wood Corp.*, 861 F.2d 1012 (7TH Cir. 1988). Telrite did not do so.

For the reasons stated above, the Court finds that the Trustee's **Motion for Judgment on the**

**Pleadings** should be and hereby is **GRANTED**. Accordingly, **JUDGMENT** is entered in favor of Elliot D. Levin, in his capacity as Chapter 7 Trustee of OneStar Long Distance, Inc., both as plaintiff on his **Complaint for (1) Breach of Contract and (2) to Recover Property of the Estate**, and as counterclaim defendant on Telrite Corporation's counterclaims as pleaded in the **Answer, Affirmative, and Other Defenses, and Counterclaim of Telrite Corporation, and Jury Demand**.

###

Distribution:
Chapter 7 Trustee and his Counsel
Telrite and its Counsel